UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALEXANDER ANTONIO ROJAS,<br><br>　　　　　Defendant. | No. 2:14-cr-00174-GEB<br><br>**ORDER DENYING MOTIONS DOCKETED AS NUMBERS 40, 41 AND 42** |

　　　　Pending are Defendant's three motions scheduled for hearing on September 23, 2016 and docketed as ECF 40, 41, and 42. The government opposes the motions.

　　　　However, on September 9, 2016, Defendant filed a reply brief in which he states he "has no objection to the motion [docketed as ECF 41] being denied without prejudice to the multiplicity issue addressed by jury instructions if warranted by the evidence at trial;" (ECF 48 at 1:20-21) and that he "accepts the Government's interpretation of its indictment as intending to allege attempt without alleging the completed crime, and accepts the Government's election as resolving the duplicity issues" referenced in his motion docketed as ECF 42. (ECF 48 at 1:23-25)

　　　　In light of Defendant's reply, Defendant's motion docketed as ECF 41 is denied without prejudice, and the motion docketed as ECF 42 is denied since it does not involve a controversy requiring adjudication.

1

1    Defendant seeks dismissal of the Indictment in the
2 motion he filed which is docketed as ECF 40, arguing that a two-
3 month range of dates in Count One of the Indictment does "not
4 [constitute] the statement of facts" required by Hamling v.
5 United States, 418 U.S. 87 (1974) (ECF 40 at 2:6-9); and that
6 neither Count One nor Count Two in the Indictment correctly
7 allege the elements of the crime of attempted production of child
8 pornography proscribed by 18 U.S.C. § 2251(a) and (e). ECF 40 at
9 2:10-3:17.
10   The government rejoins that the Indictment satisfies
11 the pleading required by the Constitution and by Rule 7(c) of the
12 Federal Rules of Criminal Procedure, contending: "There are two
13 Constitutional requirements for an indictment.  First, that it
14 'contains the elements of the offense charged and fairly informs
15 a defendant of the charge against which he must defend, and,
16 second, [that it] enables him to plead an acquittal or conviction
17 in bar of future prosecutions for the same offense.'"  ECF 47 at
18 3:15-19 (quoting United States v. Resendiz-Ponce, 549 U.S. 102,
19 108 (2007) (changes in original))."  The government further
20 argues: "[T]he indictment against Rojas uses the word 'attempt,'
21 specifies the alleged time and place where he committed the
22 crime, and specifies that the attempt was to produce child
23 pornography. Under Resendiz-Ponce, the indictment is
24 constitutionally sufficient, and it is not required to allege any
25 further facts." Id. at 4:3-6.
26   Defendant's dismissal arguments are as follows: the on
27 or about dates in the Indictment "are not . . . 'statement of
28 facts required'" required to be in the Indictment, and the

2

"element of conscious desire that the illegal depictions would be transported using a means of interstate and foreign commerce" has been incorrectly pled. ECF 40 at 2:8-9, 3:1-2.

"An indictment must be a plain, concise and definite written statement of the essential facts constituting the offense charged. An indictment is sufficient if it (1) contains the elements of the offense charged and fairly informs a defendant of the charge against him which he must defend and (2) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. Generally, an indictment is sufficient if it sets forth the elements of the charged offense so as to ensure the right of the defendant not to be placed in double jeopardy and to be informed of the offense charged." United States v. Forrester, 616 F.3d 929, 940 (9th Cir. 2010)(internal quotation marks and citations omitted). "Ultimately, the appropriate test [when evaluating a dismissal motion] is not whether the indictment might have been drafted with more clarity, but whether it conforms to minimal constitutional standards. However, even when an indictment tracks the language of the statute, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." United States v. McGarity, 669 F.3d 1218, 1235-37 (11th Cir. 2012) (quotation marks, citations and internal alterations omitted).

Here both counts in the indictment identify and track the language of the child pornography statutes, set forth the approximate date or dates of the offense, and the county and state where each offense was committed. Defendant has not shown

3

that the Indictment fails to conform to minimal constitutional notice standards and to the Rule 7(c) standard. Therefore, the motion is denied and the September 23, 2016 hearing date on the motions is vacated.

Dated: September 15, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge